IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIUS K. TUCKER, # B-88151, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-1283-SMY |
| | ) |
| C/O MEZO, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at Pontiac Correctional Center ("Pontiac"), where he is serving a 55-year sentence for murder. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that he was subjected to unconstitutional excessive force while he was confined at Menard Correctional Center ("Menard"), where Defendant Mezo is a correctional officer. Plaintiff also raises a state law claim for intentional infliction of emotional distress, based on the same events.

According to the complaint, on February 13, 2014, Plaintiff was housed in Menard's North Two segregation unit (Doc. 1, p. 8). Plaintiff's cellmate had displayed "hostile behavior" toward Plaintiff. This behavior, together with the cellmate's history of attacking previous cellmates and other prisoners, caused Plaintiff to fear for his life. He requested Defendant Mezo to remove him from the cell, but Defendant Mezo merely responded by telling Plaintiff, "You guyz [sic] get along," and walked away. *Id*.

Later that day, while Defendant Mezo was passing out lunch trays, Plaintiff stopped him again and begged Defendant Mezo to remove him from his current cell, adding a request for

Defendant Mezo to notify the sergeant (Doc. 1, p. 10).  Defendant Mezo took no action.

At around 1:00 p.m., Defendant Mezo returned to collect trash and opened the chuckhole to Plaintiff's cell.  Plaintiff placed his right arm on the chuckhole and, despite Defendant Mezo's orders, refused to remove it until Defendant Mezo called the sergeant (Doc. 1, p. 10).  Defendant Mezo told him that the sergeant already knew about the situation.  Plaintiff, with his arm still in the chuckhole, again asked, "Mezo can you please get the sergeant[,] I am in fear for my life in here."  *Id*.  He asserts that he never became hostile or posed any physical threat to Defendant Mezo.  Defendant Mezo responded, "We can do this the easy way or the hard way."  *Id*.  Plaintiff said nothing, but still did not remove his arm.

Defendant Mezo grabbed Plaintiff's arm and slammed it against the steel chuckhole four times.  He then started bending Plaintiff's arm.  Before Plaintiff could pull his arm inside the cell, Defendant Mezo stabbed Plaintiff's arm with his keys, still holding onto Plaintiff with his fist.  This caused lacerations to Plaintiff's right forearm, as well as swelling, pain, and numbness in his fingers (Doc. 1, p. 11).  Plaintiff was emotionally traumatized by the incident, noting that he only wanted to be moved away from his cellmate in order to avoid becoming another victim of the inmate-on-inmate violence that has plagued Menard.

On February 16, 2014, Plaintiff was examined by a med tech for the severe pain in his right arm.  He was given Tylenol and Motrin, and was scheduled for x-rays due to possible nerve damage (Doc. 1, p. 15).

Plaintiff made several attempts to file grievances and to contact the warden regarding the incident with Defendant Mezo.  Ultimately, Plaintiff was transferred to Pontiac on April 16, 2014 (Doc. 1, p. 14).  At the time he filed the instant complaint, Plaintiff continued to have numbness in his arm and fingers as a result of Defendant Mezo's actions (Doc. 1, p. 16).

Plaintiff seeks declaratory relief, as well as compensatory and punitive damages (Doc. 1, p. 19).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal cause of action, which shall receive further review:

> **Count 1:** Eighth Amendment claim for excessive force against Defendant Mezo, for slamming Plaintiff's arm onto the cell chuckhole, and stabbing him with keys, on February 13, 2014.

In addition, Plaintiff may proceed on the following claim under Illinois state law:

> **Count 2:** Claim against Defendant Mezo for intentional infliction of emotional distress, based on the incident described in Count 1.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d

833, 837-38 (7th Cir. 2001).

Plaintiff plausibly asserts that Defendant Mezo's use of force was malicious, and went beyond what was necessary to maintain discipline. He may proceed with the Eighth Amendment claim in **Count 1**.

**Count 2 – Intentional Infliction of Emotional Distress**

Under Illinois law, the tort of intentional infliction of emotional distress covers only acts that are truly "outrageous," that is, an "'unwarranted intrusion . . . calculated to cause severe emotional distress to a person of ordinary sensibilities.'" *Knierim v. Izzo*, 174 N.E.2d 157, 164 (Ill. 1961) (quoting *Slocum v. Food Fair Stores of Fla.*, 100 So. 2d 396 (Fla.1958)). *See Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490 (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A

loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

Plaintiff's state law claim for emotional distress is based on the identical facts that underlie his Eighth Amendment claim. This Court therefore has supplemental jurisdiction over the claim in Count 2. At this early stage, the complaint has adequately pled the elements of this tort in order to proceed with the claim. **Count 2** shall also be referred for further consideration.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for a decision.

**Disposition**

The Clerk of Court shall prepare for Defendant **MEZO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2014**

                                        s/ STACI M. YANDLE
                                        United States District Judge